JULIUS F. RIVERS, Respondent, v. ANDERS GUSTAV BLOM, Appellant.

**St. Louis Court of Appeals, January 10, 1899.**

Quantum Meruit: COUNTERCLAIM: JURISDICTION. In the case at bar the amount of the counterclaim exceeds the jurisdiction vested by law in this court, and the denial by the circuit court of any right to recover thereon involves the amount claimed to be due under the counterclaims.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

TRANSFERRED TO SUPREME COURT.

GEORGE E. SMITH for respondent.

HENRY M. POST for appellant.

BOND, J.—This suit is upon a *quantum meruit* for services rendered and money paid at the instance of defendant in the years, 1893, 1894 and 1895, aggregating $2,114.73, set forth in an account consisting of a large number of items chiefly classible under two heads; first, services and payments as an architect in the superintendence of the construction of two buildings belonging to defendant; secondly, services and money paid in connection with a suit brought by defendant against the contractors for said buildings on account of defective material and construction.

The answer is a general denial; a plea that the services in and about said suit were gratuitous, and rendered to protect plaintiff from liability. It also contained three counterclaims; one for money loaned; the second on a judgment in defendant's favor, and the third for damages to defendant

as owner of said buildings growing out of neglect of plaintiff's duties as architect. The latter counterclaim concludes as follows: "The aggregate amount of which defects and deficiencies is the sum of $4,511.47, whereby said defendant has been damaged in said sum of $4,511.47." The reply was a general denial. The case was sent to a referee, who refused to allow defendant to introduce any evidence in support of said counterclaim for $4,511.47, but excluded it from view and made a finding in plaintiff's favor for $50. Upon an appeal to the circuit court the report of the referee excluding the evidence offered by defendant in support of his said counterclaim and denying any right to recover thereunder, was confirmed. His finding in favor of plaintiff on the other matters in issue was increased $3.60. Defendant duly excepted to the rulings of the referee and to the confirmation of his report by the circuit court, and brings the case to this court by appeal.

The only contention urged in this court is the ruling of the referee and its affirmance by the circuit court in denying any recovery upon the aforesaid third counterclaim filed by defendant. Obviously this assignment discloses that this court has no jurisdiction of this appeal, the amount of the counterclaim in question being largely in excess of $2,500, and the only error assigned relating to the action of the lower court in refusing to allow any evidence in support thereof on the ground that in the course of his testimony defendant admitted that the matters for which said counterclaim was made had been compromised and adjusted in another suit between him and the contractors for the buildings. As to the counterclaim the defendant was a plaintiff, and the denial by the circuit court of any right to recover thereon involves the amount claimed to be due under the counterclaims, as there is no evidence in the record that a less sum was the real amount in dispute. State ex rel. v. Rombauer, 130 Mo. loc. cit. 290, and cases cited. As that

exceeds the jurisdiction vested by law in this court the case was improperly appealed, and must be transferred to the supreme court in accordance with section 3300 of the Revised Statutes 1889, which is accordingly done.   All concur.